Kirk A. Pasich (SBN 94242)
pasichk@dicksteinshapiro.com
Fiona A. Chaney (SBN 227725)
chaneyf@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, California  90067-3109
Telephone:  (310) 772-8300
Facsimile:  (310) 772-8301

Attorneys for Plaintiff

Kent R. Keller (SBN 43463)
kkeller@bargerwolen.com
Marina M. Karvelas (SBN 171702)
mkarvelas@bargerwolen.com
Peter Sindhuphak (SBN 235164)
psindhuphak@bargerwolen.com
BARGER WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California  90071
Telephone:  (213) 680-2800
Facsimile:  (213) 614-7399

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARE-EAST RIVER SCIENCE PARK, LLC | Case No. 2:13-cv-1837-BRO (JCGx) |
| Plaintiff, | [The Honorable Beverly Reid O'Connell] |
| vs. | [PROPOSED] ORDER ON PARTIES' JOINT STIPUATION REGARDING NONDISCLOSURE OF CONFIDENTIAL INFORMATION; |
| LEXINGTON INSURANCE COMPANY, and DOES 1 through 10, | [PROPOSED] PROTECTIVE ORDER |
| Defendants. | Complaint filed: February 11, 2013 |

Pursuant to the Joint Stipulation filed by ARE-East River Science Park, LLC ("ARE") and Lexington Insurance Company's ("Lexington") regarding a Protective Order, and GOOD CAUSE appearing:

IT IS HEREBY ORDERED THAT:

1. Materials and information protected by this Protective Order shall mean any documents, materials, items, or information designated by ARE, Lexington or any non-party as "CONFIDENTIAL MATERIAL," including information derived therefrom and produced in response to Fed. R. Civ. P. 26(a), a party's requests for production of documents, interrogatories, stipulation, subpoena, motion or deposition. The following documents, information, items, or materials may be designated as "CONFIDENTIAL MATERIAL":

ARE's "CONFIDENTIAL MATERIAL":
- Confidential internal practices and procedures;
- Confidential internal assessments of ARE's risks and hazards;
- Proprietary business information, including strategic business decisions, financial information, and long range planning objectives;
- Non-public sensitive financial and/or business documents; and
- Any other documents that may implicate other concerns regarding the disclosure of proprietary and/or confidential information (trade secret, privacy, etc.) created or discovered during the investigation of ARE's claim.

Lexington's "CONFIDENTIAL MATERIAL":

Category (i):
- Underwriting, rating, valuing and modeling processes;
- Guidelines, instructions, policies, and procedures related to underwriting, investigation, handling, processing and adjustment of commercial property claims;
- Non-public computer generated reports prepared by third party vendors or

under their software license;

• Non-public sensitive financial and/or business documents; and

• Any other documents that may implicate other concerns regarding the disclosure of proprietary and/or confidential information (trade secret, privacy, etc.) created or discovered during the underwriting, investigation and adjustment of ARE's claim.

Category (ii):

• Non-public information regarding ARE's claims history, loss runs and valuation of its business.

2. All or any part of a document or a tangible item, within the scope of paragraph 1, disclosed or produced by any party in the litigation may be designated as "CONFIDENTIAL MATERIAL" by the disclosing party by marking the words "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL" on the face of the tangible item, or on the original of the document and each page so designated, or on the face of the photocopy of the document delivered by the disclosing party to the party to which the document is produced, and on the photocopies of each page so designated. All or any part of a document or tangible item, within the scope of paragraph 1, disclosed or produced by any party in the litigation may also be designated as "CONFIDENTIAL MATERIAL" by the disclosing party by delivering at the time of disclosure or production to the party to which disclosure is made, or within twenty (20) days of the entry of this Order for documents or tangible items already produced in this litigation, written notice that such document(s) or tangible item(s) are "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL."

3. Any party in this litigation may designate deposition testimony, deposition exhibits, or any portion thereof, within the scope of paragraph 1, as "CONFIDENTIAL MATERIAL". If a deposition or any part thereof, or any exhibit thereto is designated as containing "CONFIDENTIAL MATERIAL," the deposition transcript and exhibits shall be filed in accordance with paragraphs 5, 10 and 11, below.

      4.      All or any part of responses to interrogatories or to requests for admission or for production of documents, within the scope of paragraph 1, may be designated as "CONFIDENTIAL MATERIAL" by the responding party by marking the words "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL" on the face of the response and each page so designated.

      5.      If a party seeks to designate such documents, information, items, or materials filed with the Court as "CONFIDENTIAL MATERIAL" such documents, information, items, or materials shall be accompanied by an application to file the papers – or the confidential portion thereof – under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

      i)      Deposition transcripts or portions thereof which contain or refer to confidential and/or proprietary information may be designated as "CONFIDENTIAL" before or during the deposition, in which case the transcript of the testimony and exhibits designated as "CONFIDENTIAL" shall be bound in a separate volume and marked with the word "CONFIDENTIAL" by the reporter, as the party seeking to designate the information confidential may direct. The parties agree that the disclosure of confidential information, testimony and/or exhibits containing or referring to confidential information to court reporters, videographers and/or their staff shall not change the confidential status of the information and shall not be deemed a waiver of privileges asserted as to the confidential information.

      ii)      When testimony or documents are designated as "CONFIDENTIAL" at a deposition, the parties hereto may exclude from the deposition all persons other than those to whom the confidential information may be disclosed under paragraph 7 of this Protective Order.

      iii)      Any party may mark confidential information, or information derived or obtained therefrom, as a deposition exhibit and examine any witness thereon, provided that the deposition witness is a qualified person to whom the exhibit may be disclosed

under paragraph 7 of this Protective Order and that the exhibit and related transcript pages receive the same confidentiality designation as the original confidential information.

iv) Notwithstanding all of the foregoing, to eliminate the need for marking confidential information and documents containing information derived or obtained therefrom in a deposition, the parties shall strive to reach agreement to refer to such documents by control or Bates-stamp number, and agree that, to the extent a witness might authenticate a document at a deposition, with the document attached, he or she can do so similarly if the document is not attached, but is sufficiently described by control or Bates-stamp number.

6. All documents and other materials produced in the course of this litigation, including material designated as "CONFIDENTIAL MATERIAL," shall be used or disclosed solely in this litigation, and in accordance with the provisions of this Protective Order, and such documents and materials shall not be used in any other litigation or for any other purpose without further order of this Court. Nothing in this Protective Order shall preclude any party or its representative from discussing with any other person the progress, theories, or legal strategy in this action, as long as the contents of the "CONFIDENTIAL MATERIAL" are not disclosed. "CONFIDENTIAL MATERIAL" may be disclosed only in accordance with paragraphs 7, 8, 9, 10 and 11 to the qualified persons identified below.

7. Other than Court personnel (including court reporters), commercial photocopying firms, or as provided in paragraphs 8, 10 and 11, access to "CONFIDENTIAL MATERIAL" shall be limited to:

a. A party's or non-party's directors, officers, employees, former employees, representatives and agents required to produce documents or give testimony in this lawsuit.

b. Regulatory authorities upon formal demand, or to satisfy legal or regulatory requirements, provided that written notice is given to the Party designating such material

as "CONFIDENTIAL MATERIAL" at least five (5) days prior to disclosure to the regulatory authorities, or as soon as practicable if disclosure is required by regulatory authorities in less than five (5) days. No party who has received "CONFIDENTIAL MATERIAL," or persons acting on such party's behalf may voluntarily disclose any such information to any state or federal law enforcement or regulatory agency, or any employee agent thereof, except as otherwise commanded by law or provided in this Protective Order;

      c.    Counsel of record for the respective parties in this action and counsel for any non-party required to produce documents or give testimony in this lawsuit and secretarial, clerical, litigation support and paralegal personnel regularly employed by such counsel to whom it is necessary that the confidential information be shown for purposes of this litigation;

      d.    Other counsel for the respective parties in this action and their employees, agents and representatives who are assisting in the prosecution or defense of this action;

      e.    Experts and consultants (including independent experts) who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this action.

      f.    Factual witnesses who agree to comply with and be bound by the requirements of this Protective Order and whose role as a witness is such that they have a genuine need to know the content of the confidential information.

      8.    The qualified person listed in Paragraph 7 shall not distribute, disclose or otherwise publish or make available "CONFIDENTIAL MATERIAL" to any third person unless consented to in writing by the party designating the material as confidential under this Protective Order, or permitted to do so by the Court.  Access to "CONFIDENTIAL MATERIAL" by experts and consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants.

      9.    Before disclosure of "CONFIDENTIAL MATERIAL" to any person under

this Protective Order, each such person shall be provided with a copy of this Protective Order and shall execute a Non-Disclosure Agreement (Exhibit A).

10. "CONFIDENTIAL MATERIAL" within the scope of paragraph 1, may be disclosed in a deposition in this action. Any portions of any such depositions that contain "CONFIDENTIAL MATERIAL," either in testimony or exhibits, if filed, shall be accompanied by an application to file the deposition testimony or exhibits – or the confidential portion thereof – under seal, bearing substantially the following designation: "This portion of the deposition of _____, taken on _____, is subject to the Protective Order of the Court dated _____. This portion of said deposition shall remain sealed until further Order of the Court." The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11. "CONFIDENTIAL MATERIAL" within the scope of paragraph 1, may be disclosed to the Court in connection with any filing or proceeding in this litigation, but the party disclosing it shall apply to file the documents, information, items, or materials – or the confidential portion thereof – under seal pursuant to Fed. R. Civ. P. 5.2, 26 and Local Rule 79-5 and any other applicable rules governing the request to file documents under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

12. Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by a party of documents or information that legitimately, without breach of confidentiality, are public record or in the public domain, received at any time by that party outside the course of the discovery process in this litigation. The privileged status, if any, of such documents or information shall be determined without respect to this Protective Order.

13. Nothing in this Order shall be construed in any way as a finding that the "CONFIDENTIAL MATERIAL" does or does not constitute or contain proprietary

information or trade secrets. Any party may object to the designation by another party of any information or material as "CONFIDENTIAL MATERIAL." The parties will abide by Central District Local Rule 37 in obtaining a decision from the Court as to whether the "CONFIDENTIAL MATERIAL" does or does not constitute or contain proprietary information or trade secrets. Specifically, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference. If counsel are unable to settle their differences, they shall formulate a joint written stipulation. Following the conference of counsel, counsel for the moving party shall provide counsel for the opposing party with the moving party's portion of the stipulation. Counsel for the opposing party shall deliver or e-mail to counsel for the moving party the opposing party's portion of the stipulation within five (5) court days of receipt of the moving party's draft. After the Joint Stipulation is filed, each party may file a supplemental memorandum of law not later than fourteen (14) days prior to the hearing date. Unless and until this Court enters an order to the contrary, the information or material shall be treated as "CONFIDENTIAL MATERIAL."

   14. Nothing in this Order shall prevent a party from using its own "CONFIDENTIAL MATERIAL" in any manner it sees fit or from revealing its own "CONFIDENTIAL MATERIAL" without prior consent of any other person, entity or this Court. Parties acknowledge that by revealing 'CONFIDENTIAL MATERIAL" to a person other than those designated in Paragraph 7, all information revealed shall no longer be designated "CONFIDENTIAL MATERIAL," and any party doing so must notify the other party of such disclosure to someone other than a qualified person as those persons are identified in Paragraph 7. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if each party or non party designating the information as "CONFIDENTIAL" consents to such disclosure in writing or if the Court, after notice to all affected persons, orders such disclosure.

15. Nothing in this Order shall be deemed a waiver of any party's right to object to the admissibility of any documents produced pursuant to this Protective Order at trial or any other court proceeding on the relevance, materiality, privilege, overbreadth or any other recognized objection to discovery. All applicable objections are expressly reserved. Nothing contained in this Protective Order shall be construed as affecting the right of any party to withhold information based on a claim of privilege.

16. Upon termination of this lawsuit by judgment, and the expiration of any and all appeals therefrom, or by settlement, all parties shall return to counsel for such producing party all "CONFIDENTIAL MATERIAL" received from such party including all copies, prints, summaries, and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants. As an alternative to returning all or part of such "CONFIDENTIAL MATERIAL," parties may certify to counsel for the producing party that they have destroyed all unreturned "CONFIDENTIAL MATERIAL."

17. If a producing party inadvertently produces information or documents that it considers privileged or "CONFIDENTIAL MATERIAL," in whole or in part, it may retrieve such information or documents or parts thereof as follows:

    a. Within thirty days of the discovery of the production, and no later than forty-five (45) days prior to trial, the producing party must given written notice to all parties who received copies of the produced document that the producing party claims said document, in whole or in part, to be privileged or "CONFIDENTIAL MATERIAL" and must state the nature of the privilege or confidentiality.

    b. Upon receipt of such notice, all parties who have received copies of the produced documents shall promptly return them to the producing party and destroy any other copies thereof. In the event that only parts of documents are claimed to be privileged or "CONFIDENTIAL MATERIAL," the producing party shall furnish redacted copies of such privileged documents, removing only the part(s) thereof claimed to be "CONFIDENTIAL MATERIAL" privileged, to all parties within thirty days of

1  their return to the producer, and shall provide copies of confidential documents
2  designated as "CONFIDENTIAL MATERIAL" to all parties within thirty days of their
3  return to the producer.  In the alternative, any recipient of such notice may promptly
4  move for an order compelling production of such document on the ground that the claim
5  of privilege or confidentiality is not well founded.

6      c.   After service of such notice, no motion to compel the production of the
7  produced document may rely on an allegation that any privilege or confidentiality as to
8  the document was waived by its production.

9    18.   This Protective Order and the agreements embodied herein shall survive the
10 termination of this action and continue in full force and effect.

11    19.   This Order does not preclude any party from moving to have any other
12 information or material designated as confidential in accordance with the rules of this
13 Court.  Any such additional information or material designated as confidential shall be
14 treated as "CONFIDENTIAL MATERIAL" pursuant to the terms of this Order.

15    20.   This Order may be amended by the Court to prevent manifest injustice.
16 Additional protective orders also may be entered whenever deemed appropriate by the
17 Court.

18      IT IS SO ORDERED.
19 Dated:  August 12, 2013.    _____
20                                          U.S.  MAGISTRATE JUDGE

21
22 Submitted by:

23 BARGER & WOLEN LLP

24 /s/ *Marina M. Karvelas*
25 Kent R. Keller
   Marina M. Karvelas
26 Peter Sindhuphak
27 Attorneys for Defendant
   Lexington Insurance Company
28