UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARE-EAST RIVER SCIENCE PARK, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> LEXINGTON INSURANCE COMPANY, <br><br> Defendant. | Case No. 2:13-cv-1837-BRO-JCG <br><br> The Honorable Beverly Reid O'Connell <br><br> **JUDGMENT AFTER JURY TRIAL** <br><br> Complaint Filed:  February 11, 2013 <br> Trial Date:  September 16, 2014 |

The action came on regularly for trial on September 16, 2014, in Courtroom 14, the Honorable Beverly Reid O'Connell, Judge presiding.

Kirk A. Pasich, Fiona A. Chaney, and Iman G. Wilson of Dickstein Shapiro LLP appeared as attorneys for plaintiff ARE-East River Science Park LLC ("ARE"). Thomas M. Contois, Roger E. Warin, Jon T. Neumann, and Jessica I. Rothschild appeared as attorneys for defendant Lexington Insurance Company ("Lexington").

A jury of eight persons was regularly impaneled and sworn. Witnesses were sworn and examined, and stipulated facts and documentary evidence were introduced on behalf of the parties.

After hearing the evidence, the arguments of counsel, and instructions of the Court, the cause was submitted to the jury, who retired to deliberate and therein returned, unanimously, the following special verdict on September 19, 2014:

**We answer the questions submitted to us as follows:**

1. Did Lexington fail to do something that the policy required it to do or do something that the policy prohibited?

    <u>X</u> Yes        _____ No

    If your answer to question 1 is "yes," then answer question 2. If you answered "no," then sign and date the form and notify the bailiff.

2. Was ARE harmed by that failure?

    <u>X</u> Yes        _____ No

If your answer to question 2 is "yes," then answer question 3. If you answered "no," then skip to question 4.

3. What are ARE's damages?

$822,372.33

After answering question 3, answer question 4.

4. Was Lexington's failure to pay or delay in payment of policy benefits unreasonable or without proper cause?

     X Yes     _____ No

If your answer to question 4 is "yes," then answer question 5. If you answered "no," stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was Lexington's failure to pay or delay in payment of policy benefits a substantial factor in causing harm to ARE?

     X Yes     _____ No

If your answer to question 5 is "yes," then answer question 6. If you answered "no," stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What is ARE's cost of attorney fees to recover the insurance policy benefits due under the policy?

|   |   |
|---|---|
| 1 | $792,926.96 |
| 2 |   |
| 3 | After answering question 6, answer question 7. |
| 4 |   |
| 5 | 7.  Did Lexington engage in the conduct with malice, oppression, or fraud? |
| 6 |   |
| 7 | _____ Yes         X No |
| 8 |   |
| 9 | If your answer to question 7 is yes, then answer question 8.  If you |
| 10 | answered no, stop here, answer no further questions, and have the |
| 11 | presiding juror sign and date this form. |
| 12 |   |
| 13 | 8.  What amount of punitive damages, if any, do you award ARE? |
| 14 |   |
| 15 | $0 |
| 16 |   |
| 17 | It appears that by reason of the stated special verdict, ARE is entitled to |
| 18 | judgment against Lexington for compensatory damages of $822,372.33 and |
| 19 | damages for attorney fees of $792,926.96, for prejudgment interest, and for |
| 20 | costs and disbursements. |
| 21 |   |
| 22 | NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that: |
| 23 | Plaintiff ARE-East River Science Park recover from defendant Lexington |
| 24 | Insurance Company: |
| 25 |   |
| 26 |   |
| 27 |   |
| 28 |   |

(1) $822,372.33, plus prejudgment interest thereon in the amount of $147, 204.65;

(2) Attorney fees to recover the insurance policy benefits due under the policy in the amount of $792,926.96, plus prejudgment interest in the amount of $141,933.93;

(3) Postjudgment interest at the rate of ten percent (10%) per annum on the judgment amount of $1,904,437.87 (the total of the amounts specified in paragraphs (1) and (2)) until paid; and

(4) Costs to be determined upon ARE's submission of a Bill of Costs.

**IT IS SO ORDERED.**

Dated: September 26, 2014

By: _____
HON. BEVERLY REID O'CONNELL
United States District Court Judge